UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN KENNEDY, Plaintiff | : CIVIL ACTION NO. 3:03 CV 1038 (RNC) |
| VS. | : |
| KEVIN FOLEY, Defendant | : MARCH 30, 2004 |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

1. Date Complaint Filed: June 10, 2003
2. Date Complaint Served: June 28, 2003
3. Date of Defendant's Appearance: December 22, 2003
4. Date of Intervening Complaint: February 18, 2004

Pursuant to Fed. R. Civ. P. 26(f), a telephonic conference was held on March 30, 2004, between the following counsel:

Jeffrey L. Ment for the plaintiff, Brian Kennedy.

Ryan P. Barry for the defendant, Kevin Foley.

Philip M. Schulz for the intervening plaintiff, State of Connecticut

As a result of that conference, the parties herein submit the following Rule 26(f) Report of Parties' Planning Meeting.

## I. Certification

The undersigned certify that the nature and basis of the parties' claims and defenses have been discussed with their clients, as well as any possibility for achieving a prompt settlement or other resolution of the case and, in consultation with said clients, the following proposed case management plan has been developed. The undersigned further certify that a copy of this report will be made available to said clients.

## II. Jurisdiction

A. *Subject matter jurisdiction:*

The plaintiffs contend that because there is complete diversity of the parties, and because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, this action is one in which the District Court of the United States is given original jurisdiction pursuant to 28 U.S.C. § 1332(a).

B. *Personal jurisdiction:*

The parties agree that personal jurisdiction issues have been satisfied.

C. *Venue:*

The parties agree that venue is proper in this district.

## III. Brief Description of the Case:

A. *Claims of the Plaintiff:*

The plaintiff claims that on September 10, 2001, while on duty as a Connecticut State Trooper he observed the defendant pull his vehicle into the driveway of a building that was closed for business. The plaintiff proceeded to investigate the status of the vehicle and defendant operator. The plaintiff made repeated requests of the defendant to identify himself. The defendant refused to comply and became agitated. Plaintiff attempted to subdue defendant resulting in a physical altercation. The plaintiff sustained injury as a result of the physical altercation.

B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims):*

The defendant contends that he was not negligent or careless in his conduct as alleged in the complaint. The defendant further contends that he did not engage in any intentional, wanton or reckless acts as alleged in the complaint.

C. *Defenses and Claims of Third Party Defendant(s):*

N/A at this time.

**IV. Statement of Undisputed Facts:**

The parties stipulate that the incident occurred on September 10, 2001 in Tolland, Connecticut. At the present time there are no other undisputed facts.

**V. Case Management Plan:**

A. *Standing Order on Scheduling Civil Cases:*

The parties request a modification of the deadlines in the Standing Order on Scheduling Civil Cases.

B. *Scheduling Conference with the Court:*

The parties do not request a pretrial conference with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference in person if the Court is inclined to schedule one.

C. *Early Settlement Conference:*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice, and that they have determined that settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R. 36 at this time.

D. *Joinder of Parties and Amendment of Pleadings:*

1. The plaintiffs should be allowed until May 1, 2004, to join additional parties and to amend the pleadings.

2. The defendant should be allowed until May 1, 2004, to join additional parties and to amend the pleadings.

3. The defendant filed their answer on January 23, 2004.

E. *Discovery:*

1. The parties will exchange by August 1, 2004, the information required by Fed.R.Civ.P. 26(a)(1).

2. The parties anticipate that discovery will be needed on the following subjects in this case:

(a) the plaintiffs anticipate the need for discovery regarding all issues raised in the complaint, any affirmative defenses and possibly other areas.

(b) the defendant anticipates the need for discovery regarding all issues raised in the complaint, any affirmative defenses and possibly other areas.

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26 (b)(4) as set forth in § E(7) and (8), *supra*, will be commenced no sooner than April 20, 2004, and completed by December 1, 2004.

4. Discovery will not be conducted in phases.

5. The plaintiffs will request permission to serve more than twenty-five interrogatories in total, but not more than twenty-five interrogatories per party. The defendant may request permission to serve more than twenty-five interrogatories.

6. The plaintiff anticipates a total of three depositions of fact witnesses will be needed including the defendant, witnesses and police personnel. The defendant anticipates a total of 12 depositions of fact witnesses, including but not limited to, the plaintiff, witnesses and police personnel. The depositions will commence no sooner than April 20, 2004, and be completed (not propounded) by December 1, 2004. Each deposition is limited to a maximum of eight (8) hours unless extended by agreement of the parties.

7. The plaintiffs intend to call expert witnesses at the time of trial. The plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26 (a)(2) by July 1, 2004. Depositions of any such experts will be completed by October 1, 2004.

8. The defendant intends to call expert witnesses at the time of trial. The defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26 (a)(2) by August 1, 2004. Depositions of any such experts will be completed by December 1, 2004.

9. Any Supplemental disclosures under Rule 26(e) are due by December 1, 2004.

10. A damage analysis will be provided by any party who has a claim or counterclaim for damages on or before May 8, 2004.

F. *Dispositive Motions:*

Dispositive motions will be filed on or before sixty (60) days after the close of discovery.

G. *Joint Trial Memorandum:*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after the close of discovery or the Court's decision on any dispositive motion pending at the close of discovery or filed thereafter in accordance with Paragraph V(F), supra, whichever is later.

## VI. Trial Readiness.

The case will be ready for trial sixty (60) days after the filing of a joint trial memorandum.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,

By______________________________

Jeffrey L. Ment
Rome McGuigan Sabanosh, P.C.
One State Street, Hartford, CT 06103
(860) 549-1000
Federal Bar No. CT 12299

DEFENDANT,

By [signature]
D. Lincoln Woodard (ct08940)
Ryan P. Barry (ct21683)
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209, Hartford, CT 06106
Tel. (860) 549-8440
Fax (860) 549-8443
Email: rbarry@mwlawgroup.com

INTERVENING PLAINTIFF,

By______________________________
Philip M. Schulz
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
(860) 808-5050
Federal Bar No. CT 00729

DEFENDANT,

By______________________________

D. Lincoln Woodard (ct08940)
Ryan P. Barry (ct21683)
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209, Hartford, CT 06106
Tel. (860) 549-8440
Fax (860) 549-8443
Email: rbarry@mwlawgroup.com

INTERVENING PLAINTIFF,

By Philip M. Schulz

Philip M. Schulz
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
(860) 808-5050
Federal Bar No. CT 00729

**CERTIFICATION**

The undersigned certifies that the attached Rule 26(f) Report of Parties' Planning Meeting was mailed, first-class, postage prepaid, on March 30, 2004, to the following:

D. Lincoln Woodard, Esquire
Ryan P. Barry, Esquire
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106

Philip M. Schulz
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Jeffrey D. Ment